JOHANNA GILLESPIE v. LUTHER BEECHER.

[See 85 Mich. 347; 94 Id. 374.]

*Stenographer's minutes—Second trial—Impeachment—Res judicata.*

Where testimony is taken down by the official stenographer, the mere statement of a witness, who is sworn on a second trial, that he does not recollect giving certain testimony on the former trial, is not an impeachment of the stenographer's testimony, nor does it justify a court or jury in finding that the witness did not so testify.

Error to Wayne. (Hosmer, J.) Argued June 30, 1893. Decided July 25, 1893.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Henry M. Cheever,* for defendant.

GRANT, J. When this case was in this Court before it was held that the testimony showed without contradiction that the rights of Mr. Gillespie under the lease had ter-

minated. 85 Mich. 353. This question is therefore *res judicata,* unless the testimony now is different from what it was then. The court submitted the question to the jury upon the theory that his testimony upon the last trial was different from that upon the first. The court said to the jury, after referring to the testimony upon the former trial:

" Mr. Gillespie said substantially that he was mistaken in giving that testimony, or that there was a mistake in incorporating it into the bill of exceptions, and. therefore it still presents a case for your consideration."

The liability of defendant depended entirely upon whether the rights of Mr. Gillespie under the lease had terminated, and whether at the time of the assault he was in the lawful and peaceful possession of the premises. If defendant was in the lawful possession of the premises, he was guilty of no assault, but, on the contrary, both the plaintiff and her husband were guilty of an assault upon him.

Counsel for the plaintiff has furnished no index, as the rule requires. We have, however, examined the record, and compared the testimony of Mr. Gillespie with his testimony as quoted in the former decision. His attention was expressly called to his evidence quoted in that decision, and his only reply was, "I do not recollect saying it." Where testimony is taken down by a stenographer, who is an officer of the court, the mere statement of the witness afterwards that he does not recollect giving such testimony is not an impeachment of the stenographer's testimony, nor does it justify a court or jury in finding that he did not so testify. The instruction of the judge, therefore, in the present case was more favorable to the plaintiff than she was entitled to. Under the present record this question is *res judicata,* and it is therefore unnecessary to discuss any of the errors alleged.

Judgment affirmed.

The other Justices concurred.